UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH,<br><br>         Plaintiff,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>         Defendant. | Case No.: 21-CV-1634-AJB(WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF No. 47]** |

  On December 29, 2022, Plaintiff Scripps Health ("Plaintiff") filed an Ex Parte Motion for Protective Order ("Ex Parte Motion"). (ECF No. 47.) The Ex Parte Motion seeks an order from the Court requiring (1) the depositions of Plaintiff's personnel be conducted remotely or, in the alternative, requiring that all attendees of any in-person deposition wear protective masks; and (2) precluding Defendant Nautilus Insurance Company ("Defendant") from taking more than 15 depositions. *Id.*

  Pursuant to Judge Gallo's Civil Chamber Rule VI, Defendant had until 5:00 p.m. on December 30, 2022 to file an opposition brief. Since Defendant did not file an opposition brief, the Court construes Plaintiff's Ex Parte Motion as unopposed.

  Accordingly, Plaintiff's Ex Parte Motion is **GRANTED in part** and **DENIED in part.**

## I. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26(c)") governs when a court may issue a protective order. Rule 26(c)(1) provides: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). The party seeking issuance of a protective order bears the burden of demonstrating good cause. *Grano v. Sodexo Management, Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. 2020). "The [C]ourt has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Id.; see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (noting "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

## II. DISCUSSION

### a. Request for Remote Depositions

Plaintiff's Ex Parte Motion argues a protective order is warranted as Defendant has denied Plaintiff's requests that any depositions for Plaintiff's personnel be conducted remotely, or in the alternative, requiring all attendees to wear protective facemasks throughout any in-person depositions due to COVID-19. (ECF No. 47 at 3.) Plaintiff argues its personnel have a legitimate basis for this request as Plaintiff is a health care system that operates five hospitals and 19 outpatient facilities, subject to regulation by the California Department of Public Health, among other agencies. *Id.* Plaintiff argues its facilities implemented a COVID-19 Prevention Program governing all of its facilities and personnel to ensure compliance with heightened standards disseminated by these agencies during the COVID-19 pandemic, as well as the safety of its patients and employees, and one of the core protocols requires personnel to practice social distancing and wear FDA-approved protective facemasks in various situations, and the COVID-19 Prevention Program requires that indoor meeting participants be afforded a virtual attendance option. *Id.*

The Ex Parte Motion asserts that Defendant has stated the basis for denying Plaintiff's request has been that "there are no federal, state, or local mask mandates currently in place". (ECF No. 47 at 7.) Plaintiff also argues Defendant has not made a particularized showing for why remote depositions or masks would be prejudicial to Defendant. *Id.* Plaintiff asserts Defendant has not objected on the ground that masks hide the expressions of the deponent. *Id.*

The Court finds Plaintiff's request to conduct its personnel's depositions remotely to be appropriate. In light of the COVID-19 Pandemic, courts in the Ninth Circuit have routinely authorized depositions to proceed remotely. *See, e.g Grano v. Sodexo Management, Inc.*, 335 F.R.D. 411, 415 (S.D. Cal. 2020) ("Attorneys and litigants all over the country are adapting to a new way of practicing law, including conducting depositions and deposition preparation remotely."); *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 210 (D. Nev. 2020) (observing "courts within the Ninth Circuit routinely highlight remote depositions as an effective and appropriate means to keep cases moving forward notwithstanding pandemic-related restrictions"). The Southern District of California to this day continues to operate pursuant to the emergency declaration announced under the CARES Act. Remote depositions continue to be a prudent and effective way to conduct discovery.

Accordingly, Plaintiff's Ex Parte Motion's request that the depositions of Plaintiff's personnel be conducted remotely is **GRANTED.**

### b. Request to Limit Depositions

The Ex Parte Motion represents that Defendant intends to take more than twenty fact depositions total – six Rule 30(b)(6) depositions (of Plaintiff and five third parties) and sixteen individual depositions. (ECF No. 47 at 3-4.) Plaintiff contends a protective order is warranted as Defendant has construed the Court's language in an order issued on December 21, 2022 (ECF No. 45) to an illogical extreme which would allow Defendant to conduct an unlimited number of depositions. (ECF 47.) According to Plaintiff, Defendant contends the Court already ruled that the parties agreed to more than ten depositions per side, allowing

each side to take as many depositions as it wants. *Id.* Plaintiff disagrees with Defendant's interpretation of the Court's December 21, 2022 Order – arguing the nature of this insurance coverage dispute does not warrant "anywhere near 20 depositions by a single party" (ECF No. 47 at 9:1-8) and the Court's Order did not afford Defendant carte blanche to take an unlimited number of depositions. (ECF No. 47-2 at 2-3.)

Plaintiff represents it has repeatedly offered to stipulate to more than the ten depositions presumptively allowed by Rule 30, but Defendant's counsel is unwilling to limit itself to any number of depositions. Plaintiff's Ex Parte Motion contends Defendant failed to seek leave of the court, as required by Rule 30(a)(2) and has already noticed, or stated an intent to notice, twenty-two depositions. (ECF No. 47 at 8; Soto Declaration, ¶ 7.)

The Court agrees that its December 21, 2022 Order (ECF No. 45) clearly was not an open-ended invitation commencing the start of a free-for-all regarding depositions. By no means was the Court's December 21, 2022 Order issued to allow an unlimited number of depositions to either party. This is clearly not aligned with the Federal Rules of Civil Procedure.

However, the Court disagrees with Plaintiff's contention that the Parties' prior contemplations for twenty or twenty-five depositions imposes upon Defendant the need to seek leave of court to conduct more than the presumptive ten depositions allowed by Rule 30. As the Court's December 21, 2022 Order states "the Parties long ago contemplated and agreed numerous depositions, beyond ten, would occur in this case." (ECF #45 at 5:13–14.) Although Rule 30(a)(2) states parties must obtain leave of court when the parties have not stipulated to depositions that may exceed ten depositions, the Court does not find leave of court required in this instance because Plaintiff and Defendant made an implicit agreement that at least twenty depositions would be required in this case.

The Court also finds Plaintiff's representations that it has never stipulated to allowing Defendant more than ten depositions to be disingenuous. On more than one occasion, in filings jointly submitted to the Court, the Parties made representations that the

combined total number of depositions would surpass the ten presumptive depositions allowed by Rule 30. Specifically, on February 16, 2022 in Joint Motion Requesting Continuance of Fact Discovery Cut-Off Date, counsel wrote "Based on the Parties' Rule 26 Disclosures of witnesses with discoverable information to support the Parties' claims and defenses, approximately 25 depositions will need to be taken in this case." (ECF No. 13, 3 at ¶8, 10.) Then on April 22, 2022 in a Joint Discovery Plan signed and submitted by Plaintiff's current counsel, a second representation was made: "The Parties anticipate needing an additional 90 to 120 days to notice and complete depositions after written discovery is completed as this case will potentially require approximately 20 depositions." (ECF No. 24, 4 at ¶5.)

In both instances, counsel for both Parties jointly signed and submitted these filings but did not delineate the number of depositions apportioned to each side. In the Ex Parte Motion, Plaintiff represents it intends to take four depositions, which have been noticed. (ECF No. 47 at 8). Although the joint filings did not specify the number of depositions allowed by each side, at the time Plaintiff's counsel met and conferred with Defendant's counsel and then drafted the document, Plaintiff's counsel presumably knew of the number of depositions she anticipated to take (four) and that the combined total of twenty depositions necessarily would entail Defendant exceeding the ten deposition limit. While Plaintiff's current counsel may not have entered into an explicit agreement to allow Defendant more than ten depositions, through the submission of the Joint Discovery Plans and failure to apportion the number of depositions per party, Plaintiff acquiesced to a tacit understanding and agreement that Defendant would be allowed to conduct more than ten depositions. The Court finds an implicit agreement and stipulation existed between the Parties as early as February 2022 and was later confirmed in the Joint Discovery Plan filed on April 22, 2022.

Plaintiff's Ex Parte Motion's request to limit the number of depositions Defendant may conduct is **DENIED in part** and **GRANTED in part**. Since the Parties implicitly agreed to and made representations to the Court that twenty depositions would be required

for this case, and Plaintiff has noticed four of its own depositions, the Court **ORDERS** the following: Defendant is limited to a total of sixteen allowed depositions. All depositions remaining in this case shall be noticed, conducted, and completed by the January 18, 2023 fact discovery deadline.

### III.   CONCLUSION

Plaintiff's Ex Parte Motion's request that the depositions of Plaintiff's personnel be conducted remotely is **GRANTED.** Plaintiff's Ex Parte Motion's request to limit the number of depositions Defendant may conduct is **GRANTED in part** and **DENIED in part**. The Court **ORDERS** that Defendant shall conduct no more than a total of sixteen depositions by the fact discovery deadline of January 18, 2023.

**IT IS SO ORDERED.**

DATED: December 31, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge