UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH,<br><br>          Plaintiff,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>          Defendant. | Case No.: 21-CV-1634-AJB(WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE FACT DISCOVERY DEADLINE AND MANDATORY SETTLEMENT CONFERENCE**<br><br>**[ECF No. 48]** |

On December 30, 2022, the Parties filed a Joint Motion to Continue the Fact Discovery Cut-Off Deadline to Complete Depositions of Fact Witnesses and Mandatory Settlement Conference ("Joint Motion"). (ECF No. 48.) The Joint Motion requests the Court continue the fact discovery deadline to March 3, 2023 and continue the February 13, 2023 Mandatory Settlement Conference to March 13, 2023 or later. *Id.*

For the reasons set forth below, the Joint Motion is **GRANTED in part** and **DENIED in part with prejudice**.

I.  **LEGAL STANDARD**

Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)") sets forth the standard which courts must abide when determining whether modification of a

scheduling order is appropriate. Rule 16(b)(4) provides a schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Johnson*, 975 F.2d at 609. A court may consider the degree of prejudice to the party opposing the modification, but the focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* citing to *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end. *Id.*

Additionally, this district's Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b). This Court's Civil Chamber Rule III(C) also states "[t]he dates and times set in the Case Management Conference Order **will not** be modified except for good cause shown. Fed. R. Civ. P. 16(b)(4)." J. Gallo Civ. Chambers R. III(C) (emphasis in original).

II.   DISCUSSION

   **a. Good Cause Does Not Exist to Continue the Fact Discovery Deadline**

The Joint Motion contends good cause exists to extend the fact discovery deadline based upon (1) the Parties' initial agreement in their October 6, 2021 Joint Discovery Plan that "[a] deposition that was noticed or started on or before the discovery cutoff date may be taken or continued beyond the cutoff date if necessary, for completion or due to scheduling conflicts" (ECF No. 5); (2) the twenty or more depositions noticed and/or

subpoenaed by both Parties, to occur between December 30, 2022 and January 18, 2023; (3) third-party San Diego Tech Building Solutions' ("SD Tech") failure to appear at its December 8, 2022 deposition; (4) scheduling difficulties related to deposing Defendant's former employee Ashleigh Lewis; (5) difficulty ascertaining availability of other third-party witnesses for depositions due to the holidays; and (6) Plaintiff's Ex Parte Application for a Protective Order filed the day before this Joint Motion, which seeks to limit the number of depositions Defendant may conduct (ECF No. 47). (ECF No. 48 at 2-3.)

The Court does not find good cause exists to extend the fact discovery deadline by an additional forty-four days to March 3, 2023. As the Case Management Conference was held on October 28, 2021 and Court's first Scheduling Order was issued on October 29, 2021, the Parties have long been aware of their obligations to conduct a series of depositions, including those involving non-party, third party witnesses. (ECF No. 7, 8.) Despite the Court's initial deadline of March 25, 2022, the Parties subsequently sought and received two extensions of the fact discovery deadline. (ECF No. 8, 14, and 26.) All told, with discovery starting on October 28, 2021 and the current deadline of January 18, 2023, the parties will have had a combined fourteen and a half months to complete fact discovery. *Id.*

Despites this extensive fact discovery period, at the eleventh hour, nineteen days before the fact discovery cut-off, the Parties now seek an extension of forty-four additional days to conduct numerous depositions. The Court does not find the Parties have been diligent and have languished to their own detriment. The Parties should not be surprised that waiting to schedule numerous depositions until the last two months of fact discovery, during the holiday season, without adequate planning in advance, may prove to be challenging. The Parties assumed the risk that the dice would roll their way, and now must live with the fact that they have not.

Other than an explanation for the failed deposition of third-party SD Tech, which the Court finds merits some relief, the Parties only other explicitly described challenge lies with taking the deposition of Ashleigh Lewis. The Court does not find the challenges with

Ms. Lewis to merit any relief. Specifically, as to Ms. Lewis, there is no explanation whatsoever why the parties are "fac[ing] challenges determining [her] availability for a deposition," or what efforts the parties have taken in the last 30 days to lock down the availability of this professed important witness. (ECF No. 48 at 2-3.) The Court is further perplexed by the dilatory efforts of counsel to notice and finalized a date for Ms. Lewis' deposition given the Parties have long been aware of the need to depose Ms. Lewis, especially considering the numerous discovery disputes previously raised to the Court related to Ms. Lewis' involvement with the underlying insurance claim. (ECF No. 28, 29, 32, 33, 45, 46.) Instead, the Joint Motion states a subpoena for Ms. Lewis' deposition was not issued until December 1, 2022. (ECF No. 45 at 2-3.)

With respect to the Parties' agreement regarding depositions made in their October 6, 2021 Joint Discovery Plan (ECF No. 5), the Court offers this rebuke: the Court sets deadlines, not the parties. Any attempt to creatively construe the Court's directives without the Court's express approval lacks authority regardless of any agreements made between the Parties. In fact, on December 5, 2022, during a Video Discovery Conference (ECF No. 35) the Court admonished the Parties that all fact discovery shall be concluded by January 18, 2023. Despite this previous admonishment, it appears the Parties seek to circumvent deadlines ordered by the Court. The Court reiterates once again that the Parties are hereby on notice that despite the agreement reached between themselves in the Joint Discovery Plan (ECF No. 5), all fact discovery including depositions MUST be concluded by January 18, 2023. This is not a game where time is tacked on to the clock if time runs out during the play.

Finally, the Court also does not find good cause exists based upon the Parties' representation that they "have noticed and/or subpoenaed more than 20 depositions between now [12/30/22] and the current fact discovery cutoff" (ECF No. 48). In light of the Court's December 31, 2022 ruling on Plaintiff's Ex Parte Motion for Protective Order (ECF No. 47) the number of depositions allowed has been limited to total maximum of twenty combined, to be taken remotely. (ECF No. 49.) The Joint Motion fails to address

whether the twenty scheduled depositions are of witnesses deemed absolutely essential. Nonetheless, as the depositions have been scheduled and the Court's December 31, 2022 Order ruling on Plaintiff's Ex Parte Motion for Protective Order (ECF No. 49) has limited the total number of allowed depositions to a combined total of twenty, the parties seemingly have their deposition schedule under control, notwithstanding their flirting with danger that time may run out should schedule changes be required at the last minute.

Other than the failure of SD Tech to appear at its deposition, the Parties have not provided sufficient reason warranting good cause to continue the fact discovery deadline.

In light of SD Tech's consultation with counsel and request to reschedule its deposition, the Court **GRANTS** the Joint Motion's request to extend the January 18, 2023 deadline **solely** for the purpose of deposing SD Tech only. The Parties must make every effort to take the deposition of SD Tech before the fact discovery deadline of January 18, 2023. If necessary to depose SD Tech after January 18, 2023, the Parties shall take the deposition of SD Tech **no later than February 6, 2023**.

The Joint Motion's request to extend the fact discovery deadline entirely to March 3, 2023 is **DENIED with prejudice.** Other than the SD Tech deposition, no other fact discovery or depositions will be permitted after January 18, 2023.

### b. Good Cause Does Not Exist to Continue Mandatory Settlement Conference

On December 21, 2022, the Court granted Defendant's Ex Parte Motion's request to continue the Mandatory Settlement Conference and the January 25, 2023 Mandatory Settlement Conference was continued to February 13, 2023. (ECF No. 45.) As no good cause exists to extend the fact discovery deadline, the Joint Motion to Continue the Mandatory Settlement Conference is **DENIED with prejudice.**

The Parties shall appear for the Mandatory Settlement Conference on **Monday, February 13, 2023 at 9:00 a.m.** pursuant to the Court's December 21, 2022 Order (ECF No. 45.)

/ / /

### III.   CONCLUSION

The Joint Motion's request to continue the fact discovery deadline to March 3, 2023 and continue the February 13, 2023 Mandatory Settlement Conference is **DENIED with prejudice.** The Joint Motion's request to extend the January 18, 2023 deadline is **GRANTED solely** for the purpose of deposing SD Tech. The Parties must make every effort to take the deposition of SD Tech before the fact discovery deadline of January 18, 2023. The Parties shall take the deposition of SD Tech **no later than February 6, 2023**.

**IT IS SO ORDERED.**

DATED: December 31, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge