UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendant. | Case No.:  21-CV-1634-AJB(WVG)<br><br>**ORDER DENYING IN PART WITHOUT PREJUDICE AND DENYING IN PART WITH PREJUDICE JOINT MOTION TO TAKE DEPOSITIONS OF THIRD-PARTY WITNESSES AFTER FACT DISCOVERY CUT-OFF**<br><br>**[ECF No. 58]** |

On January 13, 2023, the Parties filed a Joint Motion to Take Depositions of Third Party Witnesses After Fact Discovery Cut-Off Due to Unavailability ("Joint Motion"). (ECF No. 58.) The Joint Motion requests the Court continue the fact discovery deadline to afford the Parties additional time to conduct six third-party witness deposition. *Id.*

For the reasons set forth below, the Joint Motion is **DENIED in part without prejudice** and **DENIED in part with prejudice**.

I.    **LEGAL STANDARD**

When determining whether it would be appropriate to modify a scheduling order, courts must abide by the standard set forth by Rule 16(b)(4) of the Federal Rules of Civil

Procedure ("Rule 16(b)(4)"). Rule 16(b)(4) provides a schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. "Good cause" exists if a party demonstrates the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

The party seeking to continue or extend the deadline bears the burden of showing good cause. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 608. In addressing the diligence requirement, another District Court in this Circuit has explained:

> [To] demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Johnson*, 975 F.2d at 609. A court may consider the degree of prejudice to the party opposing the modification, but the focus of the inquiry is upon the moving party's

reasons for seeking modification. *Id.* citing to *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end. *Id.*

Additionally, this district's Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b). This Court's Civil Chamber Rule III(C) also states "[t]he dates and times set in the Case Management Conference Order **will not** be modified except for good cause shown. Fed. R. Civ. P. 16(b)(4)." J. Gallo Civ. Chambers R. III(C) (emphasis in original).

## II. DISCUSSION

### a. Good Cause Does Not Exist to Extend the Fact Discovery Deadline

The Joint Motion contends good cause exists to extend the fact discovery deadline as the Parties are unable to depose Mary Gallagher, Marcia Wylie, Gerard Varela, Chris Hubbard, Alliant Insurance Services Inc.'s Person Most Knowledge, and Clinton Heckethorn by the January 18, 2023 deadline due to unavailability of the witness, failure to respond to subpoena, or inability of Defendant to serve third party witnesses. (ECF No. 58 at 4-5.)

Upon review of the Joint Motion, the Court does not find good cause exists to extend the fact discovery deadline as the Parties have not been demonstrated diligence (1) in assisting the Court with a creating a workable amended Scheduling Order; (2) in their efforts to locate, communicate with, and finalize availability of any of the six witnesses as it was reasonably foreseeable that scheduling depositions at the end of fact discovery during the holiday season would prove difficult; and (3) in seeking amendment to the Scheduling Order once it became apparent the Parties could not comply with the January 18, 2023 deadline for these six witnesses.

### i. Lack of Diligence Despite Extensive Fact Discovery Period

This Joint Motion is the fifth motion seeking a continuance of the fact discovery deadline filed by the Parties. (ECF No. 13, 16, 36, 48, 58). On October 28, 2021, a Case Management Conference was held. (ECF No. 7.) On October 29, 2021, the Court's first Scheduling Order was issued, setting the fact discovery deadline for March 25, 2022. (ECF

1  No. 8.) The Parties subsequently sought and received two extensions of the fact discovery
2  deadline. (ECF No. 13, 14, 24, and 26.) The current deadline is January 18, 2023. (ECF
3  No. 26.) With discovery starting on October 28, 2021 and the current deadline of January
4  18, 2023, the parties will have had a combined fourteen and a half months to complete fact
5  discovery. (ECF No. 8, 14, and 26.) As the Court recently granted in part another joint
6  motion requesting continuance of the fact discovery deadline (ECF No. 50), extending the
7  January 18, 2023 deadline solely for the purpose of allowing the Parties to depose third-
8  party San Diego Tech Building Solutions by February 6, 2023, in total, the Parties will
9  have had fifteen months to complete all fact discovery. (ECF No. 8, 14, 26, 50.)

10  Despites this extensive fact discovery period, five days before the fact discovery cut-
11  off the Parties now seek another extension of the deadline, for an undefined amount of
12  time, in order to conduct six third-party witness depositions. (ECF No. 58.) Aside from one
13  witness, no specificity is provided whatsoever to detail how much additional time is needed
14  to schedule and conduct the depositions of the other five witnesses, many whom the Parties
15  have been unable to reach to date. *Id.* This Joint Motion is the latest in a series of filings
16  demonstrating the Parties' pattern of waiting until the clock is about to strike midnight to
17  seek additional time in light of their failure to timely raises issues and obtain help from the
18  Court. (ECF No. 36-45, 47-50, 52, 56, 57, and 58.)

19  As the Court plainly stated in its December 31, 2022 Order Granting in Part and
20  Denying in Part a previous joint motion to continue the fact discovery deadline, "The
21  Parties should not be surprised that waiting to schedule numerous depositions until the last
22  two months of fact discovery, during the holiday season, without adequate planning in
23  advance, may prove to be challenging." (ECF No. 50.) Even though the Court admonished
24  the Parties at that time, they waited an additional two weeks to raise the multiple issues
25  related to Mary Gallagher, Marcia Wylie, Gerard Varela, Chris Hubbard, Alliant Insurance
26  Services Inc.'s Person Most Knowledge, and Clinton Heckethorn's deposition despite
27  knowing that only 18 days were left in the fact discovery period.
28  / / /

### ii. **The Parties' Failure to Timely Raise These Issues with The Court**

The Joint Motion also demonstrates the Parties' failure in timely raising to the Court's attention the ongoing issues and problems related to these six witnesses. This is especially troubling as the Joint Motion itself states "All of the witnesses set forth above are listed on Scripps' Rule 26 witness list and/or are listed in Scripps' Interrogatory responses as key witnesses with knowledge of the 'pollution condition' at issue in Scripps' insurance claim." (ECF No. 58 at 4-5.)

The Joint Motion consistently lacks any specificity regarding when the Parties were aware of the need to contact and reach each of the six witnesses. The vagueness of these critical dates detrimentally affects the purported diligence of the Parties, in light of the previous motions filed in this case. For instance, the Court finds the Parties may have been aware of the need to issue deposition notices and subpoenas for these six witnesses as early as November 17, 2022, when Plaintiff served an updated witness list which included the six witnesses the parties now seek to depose. (ECF No. 36 at 3:10-13 and Exhibit E.) Additionally, the Joint Motion itself states some of the six witnesses have been listed in Plaintiff's interrogatory responses. (ECF No. 58 at 4-5.) Unless Plaintiff's interrogatory responses were served after November 17, 2022, the Parties potentially have been aware of the need to locate and schedule some of these witnesses long before the last week of the fact discovery deadline.

The Parties' lack of diligence and failure to timely raise issues with the Court is further demonstrated by their failure to raise the discovery dispute involving Alliant Insurance Services Inc. (ECF No. 58-5, Exhibit D.) Despite the dispute becoming ripe for Court intervention in May 2022, the Parties did not raise any issues with Alliant's counsel until this Joint Motion was filed, five days before the close of fact discovery.

The Court finds the Parties have once again demonstrated that good cause does not exist to extend the fact discovery deadline. The Court elaborates below.

/ / /

/ / /

### iii. Deposition of Mary Gallagher

The Joint Motion contends good cause exists to allow additional time to depose Mary Gallagher ("Ms. Gallagher"), former Director of Corporate Risk Management for Scripps Health, since Ms. Gallagher indicated before her retirement that she would voluntarily appear for a deposition. (ECF No. 58 at 3 ¶1-6.) However, now counsel represents she "just learned" that Ms. Gallagher was not receiving counsel's voicemails regarding scheduling a deposition, and has now confirmed Ms. Gallagher's availability for a deposition on January 24, 25, or 27. *Id.*

The Court does not find counsel's efforts to contact Ms. Gallagher merits relief as the Joint Motion's lacks any specificity in its explanation for the delays in reaching Ms. Gallagher. For instance, there is no explanation as to timeline of when Ms. Gallagher retired, when counsel attempted to contact Ms. Gallagher, or when counsel learned Ms. Gallagher was not receiving any voice messages left for her. Instead, the Joint Motion merely states:

> [Ms.] Gallagher was the Director of Risk Management for Scripps Health prior to retirement and was one of Scripps' key employees involved in the insurance application for this case's underlying insurance policy and claim. Messages were repeatedly left for Mary Gallagher after counsel called a phone number that was not answered but sent counsel into a voicemail that announced Ms. Gallagher's name. Counsel has just learned that Ms. Gallagher no longer has access to the phone number and was not receiving the messages.

(ECF No. 58 at 3¶1-5.) Beyond a self-serving declaration by Defendant's counsel, which is identical to the above passage (ECF No. 58-1, ¶2), no other explanation or support for these facts is included in the entire Joint Motion. *See* ECF No. 58. There is no other evidential support to demonstrate the Parties' diligence in contacting a witness the Parties proclaim to be of such importance to their case. *Id.*

Moreover, the vagueness of the Joint Motion's timeline related to Ms. Gallagher raises several suspicions with the Court, including the true meaning of when counsel "just learned" Ms. Gallagher was not receiving voicemails. Absolutely no date is provided to

explain when "just learned" occurred. The obscureness of "just learned" leaves the Court to guess whether this important revelation occurred the day before, week before, or months before this Joint Motion was filed. The Joint Motion fails to address any other efforts or means of communication the Parties conducted in attempt to reach Ms. Gallagher, whether via electronic mail or contact with another Scripps employee or manager in Ms. Gallagher's department. The Joint Motion also fails to provide any dates or information as to when Ms. Gallagher retired, a fact which significantly impacts the diligence of the Parties' efforts to contact Ms. Gallagher.

The Joint Motion's failure to provide any dates or details regarding the number of attempts to contact Plaintiff's client, and lack of any additional evidence as to either side's efforts to reach Ms. Gallagher suggests an attempt to conceal both Parties' lack of diligence in contacting and finalizing the deposition of such a purportedly important witness.

The Court finds the Joint Motion to demonstrate the Parties' diligence to sufficiently support an extension of the deadline for Ms. Gallagher's deposition.

### iv. **Deposition of Marcia Wylie**

Next, the Joint Motion contends good cause exists to allow the Parties to depose Marcia Wylie ("Ms. Wylie") as she is Plaintiff's former employee with knowledge of the insurance application for the underlying insurance policy at issue and information regarding Plaintiff's HVAC system and Defendant's process server has made four failed attempts to serve Ms. Wylie because she lives in a gated community. (ECF No. 58 at 3:19-25; ECF No. 58-1 at 4:25-5:2.) The Joint Motion states Defendant did not contact Ms. Wylie for deposition until after December 14, 2022 due to Plaintiff's Rule 26 Disclosure of Witnesses and Plaintiff's previous representation that Ms. Wylie could be contacted through counsel. (ECF No. 58-1 at 2:4-14.) The Joint Motion contends Defendant was not aware of its need to personally contact Ms. Wylie until December 14, 2022 when Plaintiff's counsel served a Second Amended Witness list which withdrew the "contact through counsel" designation and provided Defendant with Ms. Wylie's last known contact information. *Id.*

Once again, the Joint Motion fails to provide details for a critical fact – when Plaintiff's prior Rule 26 Disclosure of Witnesses was served upon Defendant and when Defendant first sought availability of Ms. Wylie for deposition. (*See* ECF No. 58.) Although the Joint Motion states Defendant did not contact Ms. Wylie in early December 2022 due to Plaintiff's prior Rule 26 Disclosure of Witnesses, no explanation is provided for why Defendant waited until December 27, 2022 to obtain Ms. Wylie's deposition subpoena and serve a notice to Plaintiff's counsel. (ECF 58-2, Exhibit A page 2-5.) No explanation is provided for why Defendant did not immediately serve Plaintiff's counsel with a deposition notice for Ms. Wylie as soon as Defendant learned of Ms. Wylie's involvement in the case and the "contact through counsel" designation.

Instead, the Joint Motion focuses on Defendant's four attempts to serve Ms. Wylie between December 28, 2022 and January 3, 2023 (ECF 58-2, Exhibit A, page 8-9; ECF 58-3, Exhibit B, page 5-6), and the fact that Plaintiff's counsel currently is in the process of reaching Ms. Wylie as she is believed to be currently out of town. (ECF No. 58 at 3:19-25.) The Court finds the vagueness of the Joint Motion and its focus on efforts between December 28, 2022 and January 3, 2023 only highlights the Parties' failure to issue subpoenas and finalize depositions well in advanced of the holiday season and end of the fact discovery period.

The Court further takes issue with the Joint Motion's lack of specificity regarding when Defendant was first put on notice of the need to contact and depose Ms. Wylie as it appears both Parties were aware as early as November 17, 2022, if not sooner. (ECF No. 36 at 3:14-21.) In Defendant's December 9, 2022 Ex Parte Application Requesting Continuance of Fact Discovery ("Defendant's December 9, 2022 Ex Parte Application"), Defendant represented that on November 17, 2022 Plaintiff served an updated witness list to supplement its Rule 26 disclosures. *Id.* The witness list cited to and attached to Defendant's December 9, 2022 Ex Parte Application clearly listed Ms. Wylie and stated Ms. Wylie has knowledge of the insurance application for the underlying insurance policy at issue. (ECF No. 36-6, Exhibit E.) Additionally, in Plaintiff's Opposition to Defendant's

December 9, 2022 Ex Parte Application (ECF No. 37), Plaintiff represented that "most if not all of the additional witnesses [in Plaintiff's updated witness list] appear[ed] in the emails and other documents produced to [Defendant] no later than August 2022." (ECF No. 37 at 12:3-4.) Yet despite these prior representations and the Parties' apparent knowledge of Ms. Wylie's importance, her deposition subpoena was not issued until December 27, 2022. (ECF 58-2, Exhibit A page 2-5.)

Finally, there is no indication of the prospect of when, where, or even if Ms. Wylie will be served with a subpoena. Because Defendant waited so late in the discovery period to attempt service, it is no wonder that Defendant may not have this information to provide the Court or that it would be pure speculation if it did. The Court will not engage in guessing games nor leave discovery open indefinitely in the hopes Defendant may one day be successful in serving Ms. Wylie.

The Court finds the Joint Motion fails to sufficiently support that the Parties proceeded diligently and timely to schedule Ms. Wylie's deposition.

### v. Deposition of Gerard Varela and Chris Hubbard

The Joint Motion provides even less information as to why good cause exists to extend discovery for Gerard Varela ("Mr. Varela") and Chris Hubbard's ("Mr. Hubbard") depositions. Aside from Mr. Varela and Mr. Hubbard's names appearing with Ms. Wylie's in one paragraph about Plaintiff's updated Rule 16 Disclosure witness list, the Joint Motion only explicitly refers to Mr. Varela and Mr. Hubbard in two other paragraphs regarding the knowledge they may possess. (ECF No. 58 at 4:1-8.) Beyond Plaintiff's updated Rule 16 Disclosure witness list, the removal of the "contact through counsel" designation, and a sentence stating Mr. Varela and Mr. Hubbard have been "difficult to serve", there is no other explanation for why their depositions could not be conducted before January 18, 2023. (ECF No. 58 at 3:16-18; 4:1-8.) No details are provided for why it has been "difficult to serve" these two witnesses.

Just as the explanations for Ms. Wylie were deficient, the Parties failed to provide any other explanation for why Mr. Varela's deposition subpoena was not issued until

January 3, 2023 (ECF 58-3, Exhibit B page 2) and Mr. Hubbard's deposition subpoena was not issued until December 27, 2022 (ECF 58-4, Exhibit C page 2), despite the appearance of their names in emails or discovery as early as August 2022.

The Court finds the Joint Motion fails to sufficiently support that the Parties proceeded diligently and timely to schedule Mr. Varela and Mr. Hubbard's deposition.

### vi. Deposition of Alliant Insurance Services Inc.'s Person Most Knowledgeable

The deposition of Alliant Insurance Services Inc.'s ("Alliant") Person Most Knowledgeable ("PMK") is perhaps the most glaring example of the Parties' failure to diligently proceed with scheduling depositions and timely seeking Court intervention when needed.

The Joint Motion represents good cause exists to depose Alliant's PMK because Alliant was served with subpoenas to produce its business records and appear for deposition in April 2022 but has not complied with either subpoena to date. (ECF No. 58 at 4 ¶4.) The Joint Motion also represents that despite Alliant's failure to comply with the April 2022 subpoenas, Defendant's counsel is working with Alliant's counsel Anton Gerschler, Esq. ("Mr. Gerschler") to avoid a Rule 45 motion for contempt but will be unable to obtain and review documents to schedule Alliant's PMK deposition before January 18, 2023. (*Id.*; ECF No. 58-1 at 5-6.)

The Court finds it is true that Defendant issued subpoenas for production and deposition of Alliant's PMK on April 8, 2022. (ECF 58-5, Exhibit D, page 2-5.) Additionally, on April 21, 2022 Defendant's counsel granted Alliant a 10-day extension to produce documents responsive to Defendant's subpoena based upon a request from Claims Manager Sean H. Rodriguez. (ECF No. 58-5, Exhibit D, page 9-11.) On April 28, 2022, several emails were exchanged between Defendant's counsel and Mr. Gerschler. (ECF No. 58-5, Exhibit D, page 12-13.) Mr. Gerschler stated all future communications should be directed to his office and sought an additional two-week extension to search for and produce documents responsive to Defendant's subpoenas. *Id.* Defendant's counsel stated

an amended subpoena had been issued due to inadvertent non-service to Plaintiff's counsel. *Id.* Defendant's counsel then provided an amended subpoena for Alliant, with a new production deadline of May 27, 2022. (ECF No. 58-5, Exhibit D, page 13.)

Based upon the April 8 and 28, 2022 subpoenas for production and deposition, and subsequent emails between Defendant's counsel and Mr. Gerschler, it may appear the Parties have been diligent in attempting to obtain Alliant's PMK depositions and Alliant's non-compliance has been out of the Parties' control.

However, a closer review of the Joint Motion and accompanying exhibits demonstrates Alliant's failure to produce documents and schedule deposition were not wholly out of the control of the Parties. The Joint Motion fails to provide details critical to whether the Parties have been diligent in contacting and following up with Mr. Gerschler between April 28, 2022 and December 6, 2022. Further, it is unclear to the Court whether Defendant's counsel ever attempted to contact Mr. Gerschler between April 28, 2022 and December 6, 2022.

Since Defendant's counsel's April 28, 2022 extension pushed the deadline for document production and deposition to May 27, 2022, if the Parties had been diligent, communications shortly after May 27, 2022 should exist demonstrating Defendant's efforts to follow up with obtaining the documents and deposition date. At the very least communications should exist demonstrating Defendant's efforts to meet and confer, pursuant to this district's local rules, before raising such issues with the Court. No such evidentiary support was provided in the Joint Motion. (*See* ECF No. 58.)

Instead, the Joint Motion attached a series of text messages and emails Defendant's counsel sent to Mr. Gerschler between December 6, 2023 and January 22, 2023. (ECF No. 58-5, Exhibit D, page 32-34; 35-37.) Although the text messages demonstrate Defendant's counsel's renewed attempts to contact Mr. Gerschler to obtain documents responsive to Defendant's subpoenas and finalize depositions dates, the text messages fail to demonstrate Defendant's counsel was diligent prior to December 6, 2023. Likewise, the flurry of emails sent to Mr. Gerschler between December 20, 2022 and January 11, 2023 support the Joint

21-CV-1634-AJB(WVG)

Motion's representations that counsel is currently working to obtain such documents and depositions but this is not sufficient to demonstrate diligence between May 2022 and December 2022. (ECF No. 58-5, Exhibit D, page 35-41.)

Lastly, it is unclear whether the Parties would be successful in obtaining such documents and scheduling Alliant's PMK depositions if the fact discovery deadline were extended based upon Mr. Gerschler's unresponsiveness reflected in the text messages and an affidavit of due diligence dated January 12, 2023 and signed by a service processor Soheil Bittar ("Mr. Bittar"), which states Ms. Bittar unsuccessfully attempted to serve Defendant's January 5, 2023 Subpoenas for Production and Deposition of PMK. (ECF No. 58-5, Exhibit D, page 31.)

The Parties' failure to diligently seek documents and depositions from Alliant is further demonstrated with their failure to ever raise this discovery dispute with the Court. Despite the Court's prior instructions about raising discovery disputes and Civil Chamber Rules setting forth the requirement that discovery disputes are timely raised with the Court within 30 days of the dispute, this Joint Motion is the first time the Court is learning of Alliant's failure to abide with Defendant's subpoenas. The Parties clearly did not act expeditiously in seeking a modification to the Scheduling Order due to Alliant's non-compliance.

The Joint Motion fails to demonstrate the Parties have been diligent with obtaining document from and scheduling the deposition of Alliant's PMK.

Based upon the foregoing reasons, the Joint Motion's request to continue the fact discovery deadline to conduct the depositions of Mary Gallagher, Marcia Wylie, Gerard Varela, Chris Hubbard, and Alliant Insurance Services Inc.'s Person Most Knowledge is **DENIED with prejudice.**

### b. Good Cause May Exist for the Deposition of Clinton Heckethorn

Finally, the Court turns to the deposition of former Scripps employee Clinton Heckethorn ("Mr. Heckethorn"). The Joint Motion represents that good cause exists as Mr. Heckethorn was successfully served with a deposition subpoena on December 29, 2022 but

did not appear for his January 10, 2023 deposition. (ECF No. 58 at 4 ¶ 5.) The Joint Motion also states Mr. Heckethorn has not contacted counsel for either party or responded to numerous telephone voicemails. *Id.*

Under a cursory review of the Joint Motion, it appears good cause may exist because Mr. Heckethorn was successfully served and did not appear for his deposition despite knowledge of his legal obligation. However, a closer review of the Joint Motion reveals the same issues present in Mr. Varela and Mr. Hubbard's deposition subpoenas exist with Mr. Heckethorn. Other than a self-serving statement that Mr. Heckethorn was successfully served with a deposition subpoena on December 29, 2022, the Joint Motion fails to provide sufficient evidence that Mr. Heckethorn actually knew of his obligation to appear for the January 10, 2023 deposition. (ECF No. 58 at 4 ¶ 5; *see* ECF No. 58-6, Exhibit E.) The proof of service page of Mr. Heckethorn's deposition subpoena, issued on December 27, 2022, is blank. (ECF No. 58-6, Exhibit E, page 2-5.) The December 27, 2022 Certificate of Service attached to the Joint Motion simply informs the Court that Plaintiff's counsel received the Deposition Notice for Mr. Heckethorn. (ECF 58-6, Exhibit E, page 6-7.)

The Joint Motion fails to sufficiently support a finding that the Parties were diligent in notifying Mr. Heckethorn of his legal obligation to appear for subpoena.

Thus, the Joint Motion's request to extend the fact discovery deadline for the purpose of deposing third-party witness Clinton Heckethorn is **DENIED without prejudice**. If the Parties renew their request to extend the fact discovery deadline for the purpose of deposing Mr. Heckethorn, they should provide the Court with adequate evidence to support a finding that Mr. Heckethorn was successfully served.

### III.    CONCLUSION

Based on the foregoing, the Court **DENIES with prejudice** the Joint Motion's request to continue the fact discovery deadline to conduct the depositions of Mary Gallagher, Marcia Wylie, Gerard Varela, Chris Hubbard, and Alliant Insurance Services Inc's Person Most Knowledge.

/ / /

The Court **DENIES without prejudice** the Joint Motion's request to extend the fact discovery deadline for the purpose of deposing third-party witness Clinton Heckethorn.

**IT IS SO ORDERED.**

DATED: January 14, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge