UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH,<br><br>                                     Plaintiff,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY;<br>and DOES 1-20, inclusive,<br><br>                                     Defendants. | Case No.: 21-cv-01634-AJB-WVG<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S JANUARY 15, 2023 ORDER**<br><br>**(Doc. No. 65)** |

Presently before the Court is Defendant Nautilus Insurance Company's ("Nautilus") objection to Magistrate Judge William V. Gallo's order denying in part without prejudice and denying in part with prejudice the joint motion to take depositions of third-party witnesses after the fact discovery cut-off. (Doc. No. 65.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers submitted and without oral argument. For the reasons set forth below, the Court **OVERRULES** Nautilus' objection.

I.   **BACKGROUND**

On January 15, 2023, Magistrate Judge William V. Gallo issued an order ("Order") denying in part without prejudice and denying in part with prejudice the joint motion to take depositions of six third-party witnesses after the January 18, 2023 Fact Discovery Cut-Off deadline. (Doc. No. 59.)

The Order followed the Parties' assertions that good cause exists to extend the fact discovery deadline because the Parties were unable to depose Mary Gallagher, Marcia Wylie, Gerard Varela, Chris Hubbard, Alliant Insurance Services Inc.'s Person Most Knowledgeable, and Clinton Heckethorn by the January 18, 2023 deadline due to unavailability of the witnesses, failure to respond to subpoena, or inability of Nautilus to serve third-party witnesses. (*Id.* at 3.) The instant objection follows. (Doc. No. 65.)

## II.    LEGAL STANDARD[1]

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

"Non-dispositive matters include 'evidentiary rulings, pretrial discovery matters, and the imposition of sanctions for discovery abuses.'" *Estakhrian v. Obenstine*, No. CV 11-03480 GAC(CWx), 2012 WL 12884889, at *3 (C.D. Cal. Nov. 9, 2012) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D. N.J. 2008)); *see also Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation"); *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) ("The 'clearly erroneous' standard applies to factual

---

[1] Nautilus incorrectly requests the Court to review the Magistrate Judge's order under de novo review, citing 28 U.S.C. § 636(b)(1).

2

findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters[.]"). There is no doubt that the dispute currently before the Court involves a pretrial-discovery matter because it is based on discovery deadline disputes. *See* Fed. R. Civ. P. 72(a).

### III.   DISCUSSION

Nautilus moves to set aside the Magistrate Judge's Order as to Mary Gallagher, Marcia Wylie, and Clinton Heckethorn on the grounds it is clearly erroneous and contrary to law, arguing it will be prejudiced if it is unable to take the deposition of these three witnesses, and that good cause exists for the Parties' delay. (Doc. No. 65 at 6–10.)

Because the challenge to the magistrate judge's finding involves a discretionary decision made in connection with a non-dispositive pretrial discovery matter, the clearly-erroneous standard applies. *See Fid. & Deposit Co. of Md.*, 196 F.R.D. at 378. Upon reviewing the relevant documents—including Nautilus' motion, Plaintiff's opposition, (Doc. No. 68), and the Magistrate Judge's Order—and taking into account that the clearly-erroneous standard is "significantly deferential," the Court cannot reach a "definite and firm conviction that a mistake has been committed." *See Concrete Pipe & Prods. of Cal.*, 508 U.S. at 623.

There is nothing before the Court meeting the clearly-erroneous standard that demonstrates the Magistrate Judge did not thoroughly consider Nautilus' concerns that were presented to him. The Court does not find Nautilus has made a good cause showing for a continuance to take depositions of third-party witnesses after the fact discovery cut-off, or that the Magistrate Judge's Order was clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1)(A).

//
//
//
//
//

3

## IV. CONCLUSION

Based on the foregoing, the Court **OVERRULES** Nautilus' objection to Magistrate Judge William V. Gallo's January 15, 2023 Order.

**IT IS SO ORDERED.**

Dated: February 8, 2023

Hon. Anthony J. Battaglia
United States District Judge